IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
MARY ELLEN BRANNON THOMPSON,   )
                               )
          Debtor,              )
                               )
CAROLYN DAVIS and CALVIN       )
BRANNON,                       )
                               )
          Appellants,          )
                               )
     v.                        )     1:12CV380
                               )
MICHAEL D. WEST,               )
                               )
          Appellee.            )
```

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Presently before this court is the appeal of Calvin Brannon and Carolyn Davis ("Appellants") from the Order Denying Motion to Dismiss Bankruptcy Case, Motion to Intervene and Motion to Stay Proceedings entered by the Honorable United States Bankruptcy Judge Catherine R. Aron on February 15, 2012. The parties have both briefed the issues on appeal (Appellants' Brief (Doc. 8); Appellee's Brief (Doc. 10). This matter is now ripe for resolution, and for the reasons set forth herein, the Bankruptcy Court's order will be affirmed.

## I. BACKGROUND

Appellants are siblings of the Debtor, Mary Ellen Brannon Thompson. On February 8, 2012, Appellants – and three of their siblings – filed motions to intervene, to dismiss the voluntary bankruptcy petition, and to stay the sale of certain assets. Those motions were opposed by the trustee, the bankruptcy administrator, and Bryan C. Thompson, the guardian of the Debtor's estate. The Bankruptcy Court held a hearing on February 14, 2012, to address the motions. Judge Aron denied each motion by written order the following day.[1]

Appellants appeal from the Bankruptcy Court's order denying their motions based on collateral estoppel, the Rooker-Feldman doctrine, and their failure to demonstrate standing. Their principal argument is that the Bankruptcy Court erred in finding that Bryan C. Thompson had authority to file the voluntary bankruptcy petition on their sister's behalf.[2] The following facts are relevant to Bryan C. Thompson's appointment as guardian of the Debtor's estate.

On April 4, 2007, Leslie Poe Parker ("Ms. Parker"), the Debtor's niece, filed a Petition for Adjudication of

---

[1] The motion to intervene was granted only to extent required to permit Appellants to present their contentions before the Bankruptcy Court.

[2] Bryan C. Thompson, the guardian of the estate, is not related to Mary Ellen Brannon Thompson, the Debtor.

-2-

Incompetence and Application for Appointment of Guardian with the Superior Court of Forsyth County, North Carolina. (See (Doc. 2-6) at 1-3.)[3] In addition to other required information, the petition included the names and addresses of the Debtor's siblings, including both Appellants. See id.; see also N.C. Gen. Stat. § 35A-1106. Ms. Parker recommended that she be appointed as the Debtor's general guardian. The Superior Court scheduled a hearing on the petition for April 26, 2007, and informed each of the individuals listed in the petition of that hearing. (See (Doc. 2-6) at 11 ("Notice of Incompetency Hearing for Appointment of a Guardian").) Attorney Fred Flynt was appointed guardian ad litem for the Debtor.[4]

Assistant Clerk of Superior Court Theresa Hinshaw held the scheduled hearing on April 26 after due and proper notice.[5] A number of people attended that hearing, including both Appellants. The Debtor was ultimately adjudicated incompetent.

---

[3] All citations in this Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

[4] Under North Carolina law, an attorney is appointed as guardian ad litem for the respondent in an incompetency proceeding upon the filing of the petition. N.C. Gen. Stat. § 35A-1107.

[5] The clerk of superior court has original jurisdiction over incompetency proceedings. N.C. Gen. Stat. § 35A-1103.

-3-

The parties dispute the date of adjudication. Assistant Clerk Hinshaw's notes indicate that the Debtor was adjudicated incompetent on April 26 and that the parties were in agreement that a disinterested person should be appointed guardian.[6] (Doc. 2-6 at 12.) Appellants contend that the Debtor was not adjudicated incompetent until May 3.

On May 1, 2007, the Superior Court of Forsyth County appointed Bryan C. Thompson guardian of the Debtor's estate. (Doc. 3-5.) Although the formal incompetency order was not issued until May 3, the letters of appointment list April 26, 2007, as the date of adjudication. (Docs. 3-2, 3-4.) Each letter is signed by a deputy clerk of the Superior Court under that court's seal. Pursuant to his appointment, Bryan C. Thompson was "fully authorized and entitled under the laws of North Carolina to receive, manage and administer the property, estate and business affairs of [the Debtor]." (Docs. 3-2, 3-4.)

Assistant Clerk Hinshaw issued the Order on Petition for Adjudication of Incompetence on May 3, 2007, in which she found by clear, cogent, and convincing evidence that the Debtor was incompetent. (Doc. 3-6.) Under North Carolina law, an order adjudicating incompetence may first be appealed to the

---

[6] Appellants contend, without explanation, that the statement regarding the disinterested guardian is "evidence that the decision was not neutral and detached." (Appellants' Brief (Doc. 8) at 15.) This court is not sure why that would be true.

-4-

appropriate superior court for a de novo hearing and then to the state court of appeals. N.C. Gen. Stat. § 35A-1115. The record includes no evidence that the May 3 order was ever appealed.

On September 11, 2011, Bryan C. Thompson filed a voluntary bankruptcy petition on behalf of the Debtor in his role as guardian of her estate. The bankruptcy petition listed a number of secured and unsecured creditors as well as the Debtor's real estate holdings. The bankruptcy case was converted from a Chapter 11 proceeding to a Chapter 7 proceeding on November 18, 2011.

## II. STANDARD OF REVIEW

This court reviews a bankruptcy court's legal determinations de novo and factual determinations for clear error. See <u>Terry v. Meredith (In re Stephen S. Meredith, CPA, P.C.)</u>, 527 F.3d 372, 375 (4th Cir. 2008).

## III. ANALYSIS

Appellants challenge the state-court proceedings through which the Debtor was adjudicated incompetent and Bryan C. Thompson was appointed guardian of her estate. For the reasons that follow, this court finds that the Bankruptcy Court appropriately denied each of Appellants' motions.

-5-

**(1) Standing**

The Bankruptcy Court found that Appellants did not have standing to pursue their motions. Appellants do not address this finding in their brief on appeal. To establish standing, a party must demonstrate three elements: (1) an "injury in fact," (2) a "causal connection between the injury and the conduct complained of," and (3) a likelihood that the injury would be redressed by a favorable decision. Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992). "The party invoking federal jurisdiction bears the burden of establishing these elements." Id. at 561. These elements apply to the same extent in bankruptcy cases as in other federal cases. See In re Deist Forest Prods., Inc., 850 F.2d 340, 341 (7th Cir. 1988); In re Mann, No. 09-80494C-7D, 2011 WL 766944, at *1-2 (Bankr. M.D.N.C. 2011).

An individual's "desire to protect the rights of others does not permit a court to adjudicate the claim." In re Deist Forest Prods., 850 F.2d at 341. Instead, a party "must assert his own legal rights and interests and cannot rest [his or her] claim or motion on the legal rights or interests of third parties." In re Mann, 2011 WL 766944, at *2.

In essence, Appellants seek to dismiss or stay the voluntary bankruptcy petition on behalf of their sister, the

-6-

Debtor, by challenging the incompetency and guardianship proceedings that led to the appointment of Bryan C. Thompson as the guardian of her estate.  They have presented no evidence of any interest they may have in the bankruptcy estate other than as presumptive heirs of the Debtor under North Carolina law.[7]  Neither Appellant is listed as a creditor, nor has either Appellant filed a proof of claim.  This court agrees with the Bankruptcy Court that Appellants' status as siblings and presumptive heirs of the Debtor is insufficient to confer standing to pursue their motions to dismiss, stay, and intervene in their sister's bankruptcy case.

Although not directly on point, this conclusion is reinforced by the standing requirements imposed on those who seek to appeal from a bankruptcy court's order that did not arise from their own motion.  Such appellants do not have standing unless they have been "directly and adversely affected pecuniarily by the order."  Fid. Bank, Nat'l Ass'n v. M.M. Grp., Inc., 77 F.3d 880, 882 (6th Cir. 1996).  "Only when the order directly diminishes a person's property, increases his burdens, or impairs his rights will he have standing to appeal."  Id.;

---

[7] Appellants suggest that they have either "a direct ownership interest in part of the real property affect[ed] by the proposed sale" or "an interest in the property by virtue of being next of kin and presumptive heirs" of the Debtor.  (Doc. 2-5 at 7.)  Neither Appellant has presented any evidence of a direct ownership interest in any of the Debtor's property.

-7-

see also Travelers Ins. Co. v. H.K. Porter Co., 45 F.3d 737, 741 (3d Cir. 1995) (noting that the standing requirement in bankruptcy appeals is "more restrictive" than Article III standing). Here, as previously noted, Appellants have presented no evidence or argument that the Bankruptcy Court's order denying their motions has diminished their property, increased their burdens, or impaired their rights.

**(2) Rooker-Feldman Doctrine**

The Bankruptcy Court also held that Appellants' arguments are barred by the Rooker-Feldman doctrine. To the extent – if any – Appellants have standing to pursue their motions, this court agrees. Under the Rooker-Feldman doctrine, "lower federal courts generally do not have jurisdiction to review state-court decisions; rather, jurisdiction to review such decisions lies exclusively with superior state courts and, ultimately, the United States Supreme Court." Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997); see also Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs., No. 11-2131, 2013 WL 2364587, at *8 (4th Cir. May 31, 2013) (per curiam) ("Except in limited circumstances not applicable here, the only federal court with the authority to reverse or modify the judgments of state courts is the Supreme Court itself."); Washington v. Wilmore, 407 F.3d 274, 279 (4th Cir. 2005) ("The doctrine preserves federalism by

-8-

ensuring respect for the finality of state court judgments, and it preserves the separation of powers by ensuring that federal district courts exercise only original jurisdiction and that review of state court judgments is conducted only by the United States Supreme Court, as Congress has instructed."). The doctrine "bars not only direct review of issues actually decided by the state court, but also consideration of those claims which are 'inextricably intertwined' with state court decisions." Brown & Root, Inc. v. Breckenridge, 211 F.3d 194, 198 (4th Cir. 2000). Its application is confined to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005); see also Davani v. Va. Dep't of Transp., 434 F.3d 712, 718-19 (4th Cir. 2006).

The Superior Court of Forsyth County appointed Bryan C. Thompson guardian of the Debtor's estate on May 1, 2007. Based on the record before this court, that appointment was never challenged in the state court.[8] As guardian of the estate, he

---

[8] In addition to appeals from orders adjudicating incompetence, see N.C. Gen. Stat. § 35A-1115, the guardian, ward, or any other interested person "may petition for restoration of the ward to competency by filing a motion." N.C. Gen. Stat. § 35A-1130.

-9-

had standing to file a voluntary bankruptcy petition under 11 U.S.C. § 301 on behalf of the Debtor.  See Fed. R. Bankr. P. 1004.1.

Appellants seek to avoid this conclusion by attacking the validity of the incompetency and guardianship proceedings on a number of grounds.  The issues presented by their arguments can be categorized as follows: (1) whether Ms. Parker had standing to file the petition for incompetency; (2) whether the petition should have been barred by Ms. Parker's alleged intentional misrepresentations; (3) whether the Superior Court acquired jurisdiction over the Debtor, including whether Mr. Flynt was appropriately appointed as her guardian ad litem; (4) whether Bryan C. Thompson could be appointed guardian of the estate when he was not listed in the petition; (5) whether his appointment was otherwise improper because the incompetence order was not entered until May 3; (6) whether sufficient evidence was presented at the hearing to support a finding of incompetence; and (7) whether Assistant Clerk Hinshaw otherwise adhered to the appropriate state law procedures.

This court finds that the Rooker-Feldman doctrine bars consideration of all such arguments.  Before the Bankruptcy Court could have granted Appellants the relief they seek, it would have had to find that the Superior Court of Forsyth

County's appointment of Bryan C. Thompson as guardian of the estate was improper. This court also finds that any procedural irregularity resulting from the issuance of the order adjudicating the Debtor incompetent two days after the appointment of Bryan C. Thompson is insufficient to permit a federal court to set aside or ignore that appointment.

Accordingly, the Bankruptcy Court appropriately determined that it did not have jurisdiction to consider Appellants' arguments related to the incompetency and guardianship proceedings. "If the decision was wrong, that did not make the judgment void, but merely left it open to reversal or modification in an appropriate and timely appellate proceeding. Unless and until so reversed or modified, it would be an effective and conclusive adjudication." Rooker v. Fid. Trust Co., 263 U.S. 413, 415 (1923); see also Mann v. Boatright, 477 F.3d 1140, 1146 (10th Cir. 2007) ("Even if the probate court's decision was wrong, that does not make its judgment void, but merely leaves it 'open to reversal or modification in an appropriate and timely appellate proceeding.'" (quoting Exxon Mobil Corp., 544 U.S. at 284)); Freeze v. Veterans Admin., No. 1:00CV00963, 2001 WL 34013619, at *4 (M.D.N.C. Mar. 30, 2001) ("The gist of the action is that the state courts of North Carolina have issued allegedly erroneous orders in determining a

-11-

proper guardian for plaintiff's father . . . . It is well established, however, that the federal courts lack subject matter jurisdiction over cases that merely seek review of state court decisions."), aff'd, 20 F. App'x 137 (4th Cir. 2001).[9]

## IV. CONCLUSION

For the foregoing reasons, this court **AFFIRMS** the Bankruptcy Court's Order Denying Motion to Dismiss Bankruptcy Case, Motion to Intervene and Motion to Stay Proceedings.

This the 30th day of September, 2013.

/s/ William L. Osteen, Jr.
_____
United States District Judge

---

[9] Because this court finds that Appellants' arguments are barred by the Rooker-Feldman doctrine, it does not address whether those same arguments would also be barred by collateral estoppel.

-12-